-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSHUA R. WILLIAMS,

           Plaintiff,

      -v-                                        DECISION AND ORDER
                                                   05-CV-0366S

DAVID STRONG, TOM SNYDER,
GLENN GUNDERMAN, TERRY LOCKNER II,
RON UNWIN, TIM SWEENEY, DANIEL MANDELL and
Nurse ANN DANIELS ,

            Defendants.

_____

On September 29, 2005, the Court (Hon. David G. Larimer) granted plaintiff's application to proceed *in forma pauperis* and directed the Clerk of the Court to cause the U.S. Marshals Service to serve the summons and amended complaint on the defendants. (Docket No. 7). As of the date of this Decision and Order there is no evidence that service has been effected by the Marshals Service.[1]

Plaintiff's amended complaint alleges that the defendants, employees of the Chemung County Jail where plaintiff had been incarcerated, assaulted him (Strong, Gunderman, and Lockner), failed to protect him from the assault (Mandell, Snyder, Sweeney and Unwin) and failed to provide him adequate medical care following the

___

[1] Fed.R.Civ.P. 4(m) provides that service must be made within 120-days of the filing of the complaint, which in this case is September 30, 2005, the date of granting of the application to proceed in forma pauperis and the direction to the Clerk of the Court to file plaintiff's papers. If the 120-day period approaches and service has not been effected, plaintiff must file a motion seeking an extension of time to serve the summons and amended complaint on the defendants. See Fed.R.Civ.P. 4(m); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *see also Rivera v. Pataki*, No. 04 Civ. 1286 (MBM), 2005 U.S. Dist. LEXIS 2747, \*\* 55-56, n.28 (Feb. 14, 2005) (numerous Circuit Courts have found that "as long as the inmate provides the information necessary to identify the defendant, the Marshal's failure to effect service ... constitutes good cause to extend the time for service under" Fed.R.Civ.P. 4(m)) (citations omitted)).

assault (Daniels). (Docket No. 7). Plaintiff has now filed an "Order to Show Cause and Temporary Restraining Order," pursuant to Fed.R.Civ.P. 65(a), asking the Court to issue a protective order against the defendants because he is about to or has been released from incarceration and will be residing within the County of Chemung where the defendants reside and work. (Docket No. 8). Plaintiff's draft Temporary Restraining Order requests that the defendants be restrained from having any contact with him whatsoever. The only support for this request is plaintiff's letter filed with the Order to Show Cause, which simply states that he will reside in the same town as the defendants and wants to be "protect[ed] . . . from any harm that could come my way from these defendants." (Docket No. 8). Plaintiff's motion must be denied.

> Fed. R. Civ. P. 65 provides that:
>
>> A temporary restraining order may be granted without written or oral notice to the adverse party ... only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed R. Civ. P. 65(b). Plaintiff's papers do not comply with either prong of the rule. Plaintiff does not describe any effort to notify opposing parties of his motion for injunctive relief, and his papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991). Plaintiff simply claims that since he will be or is living in the same town as the defendants, he is in some type of harm.

2

Other than the fact that he has filed a lawsuit alleging that the defendants assaulted him or failed to protect him while he was incarcerated, he has no evidentiary support for this claim.

Accordingly, plaintiff's motion for an Order to Show Cause and Temporary Restraining Order is denied.

SO ORDERED.

Dated:   Nov. 29         , 2005
         Rochester, New York

                                               /s/ Charles J. Siragusa
                                               _____
                                               CHARLES J. SIRAGUSA
                                               United States District Judge