UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSHUA RAY WILLIAMS,

                Plaintiff,

v.                                            **DECISION AND ORDER**
                                                      05-CV-366S

DAVID STRONG, ET AL.,

                Defendants.

## I. INTRODUCTION

Plaintiff Joshua Ray Williams commenced this action under 42 U.S.C. § 1983 on May 23, 2005, by filing a Complaint in the United States District Court for the Western District of New York. He filed an Amended Complaint on June 14, 2005. Presently before this Court is Defendants' Motion to Dismiss and for Sanctions. For the reasons stated below, Defendants' motion is granted in part and denied in part.

## II. BACKGROUND

Plaintiff actively litigated this case during the year after it was filed. He amended his Complaint, requested the appointment of counsel, moved for a temporary restraining order, and took other actions consistent with active prosecution of this action. (Docket Nos. 4, 6, 8, 15.)

But it appears that Plaintiff stopped pursuing this case on or about May 10, 2006, when he sent Defendants a demand for interrogatories. (Thomson Affidavit, ¶ 6.) He failed to appear for the deposition Defendants noticed on October 26, 2006, and failed to comply with three separate Orders directing him to respond to the instant motion. (Docket Nos. 24, 25, 26.) In the last two of those Orders, this Court specifically warned Plaintiff that his case could be dismissed for failure to prosecute if he did not respond to Defendants'

motion. (Docket Nos. 25, 26.) Nonetheless, Plaintiff never filed a response. Moreover, Plaintiff has not communicated with Defendants' counsel or this Court for more than a year.

### III. DISCUSSION

**A.     Local Rule 5.2(d)**

Defendants' bring their Motion to Dismiss pursuant to Local Rule 5.2(d), which provides that "[a] party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant." The rule specifically warns that "[f]ailure to do so may result in dismissal of the case with prejudice." Local Rule 5.2(d).

It is unclear whether Plaintiff has in fact failed to update his address, or whether he is simply not responding to mail sent to him. Defendants maintain that they have sent documents to the three different addresses that they have for Plaintiff, but no response was ever received. (Thomson Affidavit, ¶¶ 5-12.) Moreover, it is presumed that Plaintiff received this Court's Orders sent to him at the address listed in the docket, none of which have been returned as undeliverable. See Local Rule 5.2(d) ("Papers sent to [a pro se plaintiff's current address] will be assumed to have been received by plaintiff.")

In light of this uncertainty, this Court cannot grant Defendants' Motion to Dismiss on the grounds that Plaintiff failed to update his address in compliance with Local Rule 5.2(d). This Court finds, however, that dismissal is appropriate for failure to prosecute.

**B.     Dismissal under Rule 41(b) For Failure to Prosecute**

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where the defendants have not specifically moved for dismissal under Rule 41(b) — such as in this case — a court may nonetheless order dismissal *sua sponte*. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[1]  Link, 370 U.S. at 630-31.

Rule 41(b) does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at 42. Dismissal pursuant to Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its

---

[1] This authority is of ancient origins. Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the cause." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3 William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* plaintiffs, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). In the present case, these factors weigh in favor of dismissal.

**1.    Duration of Failures**

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See

Norden Sys., 375 F.3d at 255.

In this case, Plaintiff is solely at fault for failing to prosecute: He did not appear for his scheduled deposition, he has ignored three court-orders, and he has failed to communicate with Defendants' counsel and this Court. And with respect to duration, Plaintiff's inaction has caused unnecessary delay of more than one year. This is a failure of significant duration. See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. All delay in this case is attributable to Plaintiff, and is of significant duration.

### 2. Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present case, there can be no question that Plaintiff had adequate notice. This Court twice warned Plaintiff that his failure to respond to Defendants' motion could result in it being granted as uncontested, or could result in Plaintiff's case being dismissed for failure to prosecute. Moreover, Plaintiff is presumed to have received these two warnings because they were sent to his address of record. See Local Rule 5.2(d). Because Plaintiff was on notice that his case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused this Court to prepare and file several scheduling orders. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See

Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored directives by failing to appear for his deposition and failing to file submissions as directed. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

## IV. CONCLUSION

Mindful of the fact that *pro se* cases should not readily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action, and has failed to comply with Orders of this Court. As such, because each of the factors relevant to the Rule 41(b) analysis favors dismissal, this Court will grant Defendants' Motion to Dismiss. Defendants' request for the imposition of sanctions based on Plaintiff's failure to appear for his deposition is denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 23) is GRANTED in part and DENIED in part consistent with this decision.

FURTHER, that this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:     September 8, 2007
           Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge